KEE TUN and NEN YOUNG, Partners under the Name of KWONG LEE WAI *v.* CHING SHAI.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED APRIL 6, 1898.                    DECIDED JUNE 9, 1898.

In ejectment where neither party proves title the party having the better right to possession should prevail. One who has been in possession for some time, who claims title under documents purporting to convey it, and who actually has title to an undivided half of the land, has a better right to possession of the other half than one who has only just taken possession by force, has no title, and claims title only on a mistaken idea as to the identity of the land.

A party producing a witness who proves adverse in the opinion of the court may be permitted to ask the witness whether he has not made inconsistent statements at other times and prove that he has made such statements.

The allowance of questions as to the relative sizes of the adjoining plantations of the parties and as to whether the land held by defendant had not been put in his name by another to avoid suit, held to be within the discretion of the trial Judge under the circumstances.

OPINION OF THE COURT BY FREAR, J.

This is an action of ejectment. Plaintiffs recovered a verdict for the land in question and $159.37 damages. Defendant brings the case to this Court on exceptions.

The parties are occupants of adjoining pieces of land at Punaluu, Koolauloa, Oahu, the boundary between which has been uncertain. The main object of this action is to determine on which side of the true boundary a certain strip about 1.64 acres in area is situated. This boundary was formerly a stream and the uncertainty arises from conflicting evidence as to whether the stream has changed its course, so as to no longer constitute the boundary. Plaintiffs claim under a lease of a kuleana, namely, Apana 1 of Royal Patent 3959, L. C. A. 7694 to Kahaleaahu. Defendant is lessee or manager under a lessee of the adjoining konohiki land. The kuleana originally extended to the stream. It still extends to the stream and includes the strip in question provided the course of the stream is the same as formerly, otherwise not. Another question of fact to be noticed is this. Plaintiffs claimed under a lease of the whole kuleana from one Kiliona who claimed under a deed of the whole kuleana from one Nalima, but it appeared in evidence at the trial that Nalima had title to only an undivided half as a tenant in common and consequently that the plaintiffs had title under their lease to only an undivided half. Thus defendant made two claims, one for the whole strip, on the ground that it was not included in the kuleana as shown by the evidence as to the change in the course of the stream; the other for an undivided half of the strip, on the ground that plaintiffs had failed to prove their title thereto. Plaintiffs had originally taken possession of this strip under their lease, had planted and harvested one crop of

rice thereon and planted a second time, but before they harvested, the defendant entered and harvested the crop and retained possession. Plaintiffs then brought this action to recover possession and for damages.

Defendant relies mainly on three groups of exceptions.

First, an exception to the refusal of the trial Judge to charge the jury as requested that, "plaintiffs not having shown that they had the title to all the land cannot recover in any event for more than one-half of the premises," and an exception to that portion of the charge which reads as follows: "The plaintiffs must recover upon the strength of their own title and not on the weakness of the defendant's title; but if the plaintiffs had actual prior possession of the land, this is strong enough to enable them to recover it from a mere trespasser, that has entered without any title."

Immediately after giving this instruction, the court charged as follows:

"Though the plaintiffs have documentary title to only one-half interest in the kuleana, still, if they have had prior peaceable possession of the whole piece in dispute before the defendant entered upon it, and if the piece is part of Apana 1 of that kuleana, and is not konohiki land, then the plaintiffs are entitled to recover from the defendant all of the property claimed, and so if you believe from the evidence that the piece in dispute lies upon the Kahuku side of the stream as it existed at the date of the award to Kahaleaahu, in other words, that it is included within the description of that apana, and if you also find that the plaintiffs had prior peaceable possession of the piece in dispute before the defendant entered upon it, then your verdict must be for the plaintiffs, and the restitution of all of the property claimed. But if you find from the evidence that the defendant had prior peaceable possession of the piece in dispute before the plaintiffs had possession, then your verdict must be for the plaintiff for only one undivided half interest in the land, i. e., if you find further that the piece in question is within the

boundaries of Apana 1. On the other hand, if you believe from the evidence that the piece in dispute lies on the Kaneohe side of the bed of the stream as it existed at the date of the award, in other words, that it is not included in the boundaries of Apana 1, then your verdict must be for the defendant."

Under these instructions the question whether the stream had changed its course, that is, to which land the strip in question belonged, is eliminated from our consideration. For, the jury having found for the plaintiffs under the last clause of these instructions, must have found that the strip in question was part of the kuleana. There is also no question as to the half of the land to which the plaintiffs proved a documentary title. The only question then is as to the other half, and on the assumption that it is a part of the kuleana. The plaintiffs had been in prior possession. They had color of title; they had taken possession under a lease from one who claimed title to the whole kuleana, who in turn held under a deed from another who had had title to half the land and claimed title to the whole of it. The defendant had not had possession, though he had claimed the right to possession, but he had claimed this solely on the ground that the land was part of the konohiki land, which the jury found was not the case. He did not assert any claim to the kuleana or any part thereof. Plaintiffs were not bound to prove a good title to the whole land. Where neither party has title, the one who on the whole has the better right to the possession should prevail. A party who has been in possession for a considerable period, who claims title to the whole land under documents purporting to convey it and actually has good title to an undivided half of the land has a better right to possession than one who has not had possession except the possession by force which gave rise to the action, and who has no title whatever to the land and claims title merely upon a mistaken idea as to the identity of the land. Consequently the requested instruction above set forth was properly refused. The other instruction, that given and excepted to, is undoubtedly correct law in the abstract, and the only objection raised to it is that it is not appli-

cable to the evidence in that it seems to assume that the defendant was a mere trespasser, whereas in fact he claimed, as contended, a right under circumstances of doubt which justified the assertion of his claim. Plaintiffs claimed that on the evidence defendant was a mere trespasser, still, even supposing that the instruction as given would if standing alone be a little too strong in view of all the evidence, yet taking into consideration both the finding of the jury that the land was part of the kuleana and the further instruction of the Judge that, if the jury found that the land was part of the kuleana and that plaintiffs had had prior peaceable possession, they having also title to one-half and color of title to the other half, the verdict should be for the plaintiffs, we think there was no prejudicial error. The real turning point in the case was that in regard to the alleged change in the course of the stream. This was left wholly to the jury on the conflicting evidence and they found for the plaintiffs.

Secondly, an exception to allowing plaintiffs' counsel to ask the witness Kaimimawaho on direct examination whether he had not previously made a statement in regard to the location of the stream different from that which he made on the witness stand, and an exception to allowing a question put to the witness Pahia as to what statement the said witness Kaimimawaho had previously made. The ground upon which these exceptions are based is that a party should not be allowed to impeach his own witness. No attempt was made to impeach the general credibility of the witness. It seems that plaintiffs' counsel were surprised by the witness making on the stand an adverse statement different from what he had said previously. Under such circumstances it was competent for the trial Judge in his discretion to allow the question whether the witness had not previously made an inconsistent statement, and to allow proof that such inconsistent statement had been made. See Civ. L., Sec. 1421.

Thirdly, an exception to allowing a question to be asked a witness as to the relative sizes of plaintiffs' and defendant's rice plantations, and an exception to allowing a question to be asked

defendant as a witness whether the land had not been put in his name by Wong Kwai to avoid suits. These questions were objected to on the ground that they would introduce extraneous matters which would tend to prejudice the jury. Plaintiffs contend that it had appeared in evidence that they had taken no steps to prevent defendant's forcible entry and that the first of these questions was proper in order to show from the size of his plantation and the number of men employed that failure to resist was due not to acquiescence but to lack of the requisite force and that defendant simply took possession without resorting to the courts, relying upon superior force rather than upon a claim of superior right; they contend also that the question could not have been prejudicial any way because the answer showed that defendant's plantation was only about one and a half times as large as plaintiffs'. They attempt to support the second of these questions on the ground that one of the defenses was that the defendant was merely the servant of Wong Kwai and that therefore the property was not in his possession but in Wong Kwai's, that defendant would not produce the lease; and that such cross-examination was proper to show that the defendant was more than a mere servant or manager, in fact, that he was lessee or sub-lessee.

Just how far examination of this kind should be permitted depends largely upon the particular circumstances of the case. The trial Judge was in a much better position than this Court to decide matters of this kind. Verdicts should not be set aside for light reasons. We cannot say in this instance that the Circuit Judge abused his discretion.

The exceptions are overruled.

*Kinney & Ballou* for plaintiffs.

*J. A. Magoon* and *R. D. Silliman* for defendant.